UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FERNANDO LEDESMA GONZALEZ,<br><br>    Petitioner,<br><br>v.<br><br>DREW BOSTOCK, *Seattle Field Office Director;* IMMIGRATION AND CUSTOMS ENFORCEMENT AND REMOVAL OPERATIONS, *("ICE/ERO");* TODD LYONS, *Acting Director of Immigration Customs Enforcement ("ICE")*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *(ICE)*; KRISTI NOEM, *Secretary of the Department of Homeland Security ("DHS")*; and PAMELA BONDI, *Attorney General of the United States*,<br><br>    Respondents. | Case No. 6:25-cv-01149-MTK<br><br>**ORDER** |

**KASUBHAI,** United States District Judge:

    Petitioner Gonzalez, a citizen of Mexico detained by Respondents on July 1, 2025, while attending an ICE check-in in Eugene, has filed a petition for habeas corpus seeking this Court to: (1) Assume jurisdiction over this matter; (2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should be granted within three days; (3) Declare that Petitioner's re-detention without an individualized determination violates the Due Process Clause of the Fifth Amendment; (4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from

Page 1 — ORDER

custody; (5) Issue an Order prohibiting the Respondents from transferring Petitioner outside of Oregon without the court's approval or if already transferred out of Oregon, that Respondent be transferred back within three days; (6) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and (7) Grant any further relief this Court deems just and proper. Petition for Writ of Habeas Corpus at 12, ECF No. 1. To date, Petitioner has not served a copy of his Petition on Respondents.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of the Petition and this Order upon Respondents and the Acting United States Attorney for the District of Oregon, William Narus (William.Narus@usdoj.gov).

2. The Court will set a schedule for responding to the Petition at the hearing scheduled for July 2, 2025, at 4:30 p.m. by videoconference.

3. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, see 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (*quoting United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*,

330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondent believes that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondent has already moved Petitioner outside of this District, Respondent is ordered to notify the Court within two hours of being served with this Order. Such notice must be filed in writing and on the docket in this proceeding. In addition, Respondent is further ordered to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondent believed that such a move was immediately necessary.

6. Lastly, to expedite Respondents' ability to file a Response to the Petition, Petitioner is directed to share his "Alien Registration Number" (if known) with Respondent within 24 hours of the filing of this Order.

**IT IS SO ORDERED.**

DATED this 2nd day of July 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge