RAQUEL E. HECHT, OSB # 933018
Raquel@a-legalservices.com
Alliance Legal LLC
329 E. 8th Ave
Eugene, OR 97401
541-465-2173

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Eugene Division

| | |
|---|---|
| In the Matter of: | Case No. 6:25-cv-01149-MTK |
| Fernando Ledesma Gonzalez, an adult | Agency No. 209 811 487 |
| Petitioner, | **PETITIONER'S BRIEF IN SUPPORT** |
| v. | **OF THE COURT'S RETENTION OF** |
| | **HABEAS CORPUS JURISDICTION** |
| DREW BOSTOCK, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO");TODD LYONS, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

## INTRODUCTION

Petitioner, through undersigned counsel, submits this brief in support of this Court's retention of habeas corpus jurisdiction over the above-captioned matter. Although Petitioner was transferred to Washington State prior to the filing of the petition for writ of habeas corpus, Oregon should retain jurisdiction based on the circumstances surrounding the transfer.

## I.    STATEMENT OF THE CASE

On the morning of July 1, 2025, Petitioner was unexpectedly detained at the Federal Building in Eugene, Oregon, during a scheduled ICE check-in. Declaration of Alondra Gamboa at ¶¶4-6. At approximately 12:50 p.m., an established local attorney offered to provide Petitioner with legal counsel. Affidavit of Attorney at ¶3, previously filed. ICE agents at the Federal Building were aware of Petitioner's attorney representation, and that counsel had requested an opportunity to speak with both Petitioner and ICE regarding his detention. *Id*. at ¶5. Despite counsel's requests, ICE refused to allow counsel access to their office or to facilitate attorney-client communication. *Id*. at ¶¶6-11. At approximately 3:00 p.m. that same day, undersigned counsel was retained to file a petition for writ of habeas corpus on Petitioner's behalf. Despite the fact that two attorneys were ready and willing to provide advice to Petitioner and speak to ICE about the circumstances surrounding his detention and ICE's future plans to house him, Petitioner was not allowed access to any means of communication after entering the Federal Building. Declaration of Alondra Gamboa at ¶¶4-6; Affidavit of Attorney at ¶¶6-11, previously

filed. Sometime on July 1 or July 2, ICE transferred Petitioner from Oregon State to Washington State, without providing any opportunity for attorney consultation. This transfer occurred despite: (1) the existence of established attorney-client relationships in Oregon; (2) ICE's knowledge of Petitioner's active legal representation; (3) ICE's refusal to allow attorney access; and (4) a prior custody determination that had resulted in supervised release conditions rather than custodial detention. The petition for writ of habeas corpus was subsequently filed in this Court after Petitioner's transfer to Washington State.

## II.     ARGUMENT

The federal habeas statute, 28 U.S.C. § 2241, provides that:

> [w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had. 28 U.S.C. § 2241(a).

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court set forth the "general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443.

Nonetheless, the Supreme Court has acknowledged exceptions to this general rule, such as where nonphysical confinement is challenged or where a petitioner has been removed from a district after a petition has been filed. *Id*. at 454 (Kennedy, J., concurring). Justice Kennedy, one of the five justices in the *Padilla* majority, noted:

> In addition, I would acknowledge an exception if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and

the place of detention. In cases of that sort, habeas jurisdiction would be in the district court from whose territory the petitioner had been removed. *Id*.

Petitioner submits that his case falls within this exception.

### A. THERE IS AN INDICATION THAT THE GOVERNMENT'S PURPOSE IN REMOVING PETITIONER WAS TO MAKE IT DIFFICULT FOR COUNSEL TO KNOW WHERE THE HABEAS PETITION SHOULD BE FILED

ICE agents were aware that Petitioner had active legal representation in Oregon, and that counsel had specifically requested an opportunity to speak with both Petitioner and ICE regarding his detention. Affidavit of Attorney at ¶¶6-11, previously filed. The government was thus on notice that Petitioner, through counsel, might challenge his detention. Despite this knowledge, notice and requests, ICE refused to allow counsel access to their office or to facilitate attorney-client communication. Affidavit of Attorney at ¶¶6-11, previously filed. This made it difficult for Petitioner's counsel to know where the habeas petition should be filed. Undersigned counsel knows from experience that immigration detainees in Oregon are often transported to the ICE detention facility in Tacoma; yet, this is not always the case. In addition, the current administration has frequently transported detained immigrants to facilities in Louisiana, see *Khalil v. Joyce*, 25-CV-1935(JMF), Opinion and Order dated March 19, 2025 (S.D. NY), or moved them among multiple locations within a short time frame after their detention, see *Suri v. Trump*, 25-1560 (4th Cir. July 1, 2025) (petitioner arrested in Virginia, then taken to multiple other locations within Virginia and finally flown to Louisiana within 24 hours of arrest).

It is important to note that Petitioner's transfer essentially denies him meaningful access to counsel. Current counsel is: (a) funded by an Oregon-based equity corps programs; (b) lacks

authority to practice in Washington; and (c) cannot secure replacement counsel due to funding limitations and jurisdictional restrictions. In addition, the transfer separates Petitioner from his family support system in Oregon, creating additional barriers to effective legal representation, including the appeal of his immigration case, due to practical constraints.

### B. THE GOVERNMENT WAS NOT FORTHCOMING WITH RESPECT TO THE IDENTITY OF THE CUSTODIAN AND PLACE OF DETENTION

In this case, ICE refused counsel's requests to communicate with Petitioner, as well as counsel's requests to communicate with ICE. Affidavit of Attorney at ¶¶6-11, previously filed. ICE also refused the request of Petitioner's family member to communicate with him. Declaration of Alondra Gamboa at ¶¶6, 7. Thus it can hardly be said that ICE was forthcoming with respect to the place of detention and the custodian with which it intended to place Petitioner. Moreover, if ICE provided Petitioner himself with information regarding where it intended to transfer and detain him, by refusing to allow him to communicate with his lawyers or family members, ICE ensured that this information could not be acted upon. Counsel thus had no choice, given the imperative to act quickly, but to file the petition for writ of habeas corpus in Oregon.

### III.    CONCLUSION

For the foregoing reasons, this Court should retain jurisdiction over Petitioner's habeas corpus petition despite his current detention in Washington State. The transfer to Washington occurred while Petitioner maintained legal representation in Oregon and while ICE was stonewalling counsel's efforts to communicate with ICE or Petitioner to determine where he

would be detained.  This was apparently done in an attempt—which was ultimately successful—to make it difficult for counsel to know where the habeas petition should be filed. Allowing the transfer to defeat jurisdiction under these circumstances would reward government interference with judicial access and undermine fundamental due process protections.

Dated: <u>July 9, 2025</u>

_____

RAQUEL E. HECHT, OSB # 933018
Raquel@a-legalservices.com
Alliance Legal LLC
329 E. 8th Ave
Eugene, OR 97401
541-465-2173